UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03-CV-519-H

UNITED STATES OF AMERICA, et al.

PLAINTIFFS

V.

ROBERT E. SOLINGER, et al.                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

In a previous Memorandum the Court discussed various federal claims and delayed consideration of certain state law claims.  The Court will address some of those claims now.

The claim for breach of fiduciary duty in Count XXV must be dismissed because Plaintiff fails to plead the nature and existence of the duty.  Kentucky courts have recognized that, while circumstances may vary, a fiduciary duty can be created only when the relationship "is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking."  *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991).  Nothing in the Complaint suggests Plaintiff designated any Defendant as an agent to undertake some task in trust and confidence.

Plaintiff has completely failed to describe the essence of any claim for libel or slander.  Defendant has alleged no facts to support a charge that any Defendant made defamatory statements about Villafane, that they published anything about him to anyone, that they knew that these unidentified statements were untrue, or that they acted with malice.  Thus they have

failed to state a claim upon which relief may be granted.  Count XXIII must be dismissed.

The Research Fund and Research Foundation are immune from the common law claims under the Eleventh Amendment.  The Sixth Circuit has held that the University of Louisville enjoys immunity under the Eleventh Amendment.  *See Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986).  Moreover, because the University Fund and Foundation operate within and as part of the University, any judgment against them would threaten assets held by the state; therefore, in the absence of explicit waiver Eleventh Amendment immunity attaches to protect those assets.  *See, e.g.*, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430 (1997) (stating "that the question whether a money judgment against a state instrumentality or official would be enforceable against the State is of considerable importance to any evaluation of the relationship between the State and the entity or individual being sued"); *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994) (recognizing "the vulnerability of the State's purse as the most salient factor in Eleventh Amendment determinations").  Since the University of Louisville is a Kentucky state agency, the University Foundation and Research Fund are entitled to Eleventh Amendment immunity.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Counts XXIII, XXV and XXXI are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's state law claims against the University Foundation and the Research Fund are DISMISSED.

This is not a final order.

2

cc:     Counsel of Record